1

2

3

4

5

6

7

8

THE HONORABLE RICHARD JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

15

16

LIBERTY MUTUAL INSURANCE
COMPANY, a Massachusetts corporation,

                  Plaintiff,

    v.

AIG SPECIALTY INSURANCE
COMPANY f/k/a CHARTIS SPECIALTY
INSURANCE COMPANY, a subsidiary of
AMERICAN INTERNATIONAL GROUP,
INC., a Delaware corporation,

                  Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2:19-cv-00974-RAJ

ANSWER

17

18

19

      COMES NOW defendant AIG Specialty Insurance Company ("ASIC"),[1] by and through its counsel of record Jensen Morse Baker PLLC, and for its answer and affirmative defenses hereby admits, denies, and alleges as follows:

20

21

**PARTIES**

22

23

      1.      Answering paragraph 1, ASIC lacks information sufficient to form a belief about the truth of the allegations, and therefore denies them.

24

25

      2.      Answering paragraph 2, ASIC admits that it is an indirect subsidiary of American International Group, Inc. Except as expressly admitted, ASIC lacks sufficient

26

27

[1] Plaintiff's complaint names AIG Specialty Insurance Company as the party defendant, and appears to refer to AIG Specialty Insurance Company as "AIG." To the extent "AIG" refers to any entity other than AIG Specialty Insurance Company, the allegations are denied.

ANSWER - 1

JENSEN MORSE BAKER PLLC
1809 SEVENTH AVENUE, SUITE 410
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

information to form a belief about the truth of the allegations, and therefore denies them.

## JURISDICTION AND VENUE

3.      Answering paragraph 3, ASIC denies that it is a Delaware corporation headquartered in New York. In fact, ASIC is an Illinois corporation with its administrative headquarters in Illinois. ASIC lacks information sufficient to form a belief about the truth of the allegations regarding plaintiff's state of incorporation and headquarters, and therefore denies them. ASIC asserts that the remaining allegations contain legal conclusions to which no answer is required. To the extent an answer is deemed to be required, ASIC lacks sufficient information to form a belief about the truth of the allegations, and therefore denies them. Except as expressly admitted, ASIC denies the allegations.

4.      Answering paragraph 4, ASIC admits that Liberty purports to seek damages in excess of $75,000. Except as expressly admitted, ASIC denies the allegations.

5.      Answering paragraph 5, ASIC asserts that the allegations contain legal conclusions to which no answer is required. To the extent an answer is deemed to be required, ASIC lacks sufficient information to form a belief about the truth of the allegations, and therefore denies them.

## FACTUAL BACKGROUND

6.      Answering paragraph 6, ASIC lacks sufficient information to form a belief about the truth of the allegations, and therefore denies them.

7.      Answering paragraph 7, ASIC lacks sufficient information to form a belief about the truth of the allegations, and therefore denies them.

8.      Answering paragraph 8, ASIC lacks sufficient information to form a belief about the truth of the allegations, and therefore denies them.

9.      Answering paragraph 9, ASIC admits that it issued a primary commercial general liability and professional liability insurance policy to the named insured Performance Abatement Services (the "ASIC Policy"). ASIC further admits that the ASIC Policy speaks for itself, and denies the allegations to the extent they are inconsistent with the ASIC Policy.

ANSWER - 2

Except as expressly admitted, ASIC denies the allegations.

10.    Answering paragraph 10, ASIC lacks information sufficient to form a belief about the truth of the allegations, and therefore denies them.

11.    Answering paragraph 11, ASIC lacks information sufficient to form a belief about the truth of the allegations that plaintiff accepted liability, and therefore denies those allegations. ASIC asserts that the remaining allegations contain legal conclusions to which no answer is required. To the extent an answer is deemed to be required, ASIC responds that it agreed to provide insurance coverage to Boeing consistent with the terms and conditions of the ASIC Policy. Except as expressly admitted, ASIC denies the allegations.

12.    Answering paragraph 12, ASIC admits that King County Case No. 14-2-09457-4, *Mendoza v. The Boeing Company and Turner Construction Company*, was settled pursuant to a confidential settlement. The amount of the settlement is confidential. Except as expressly admitted, ASIC denies that allegations.

13.    Answering paragraph 13, ASIC admits that the settlement agreement speaks for itself, and denies the allegations to the extent they are inconsistent with the settlement agreement. ASIC lacks information sufficient to form a belief about the truth of the allegation that $250,000 is the policy limit of Liberty Mutual's primary policy. Except as expressly admitted, ASIC denies the allegations.

14.    Answering paragraph 14, ASIC admits that the settlement agreement speaks for itself, and denies the allegations to the extent they are inconsistent with the settlement agreement.

15.    Answering paragraph 15, ASIC denies the allegations.

16.    Answering paragraph 16, ASIC admits that it paid $300,000 in connection with the confidential settlement. Except as expressly admitted, ASIC denies the allegations.

17.    Answering paragraph 17, ASIC denies the allegations.

18.    Answering paragraph 18, ASIC lacks information sufficient to form a belief about the truth of the allegations, and therefore denies them.

ANSWER - 3

19.     Answering paragraph 19, ASIC lacks information sufficient to form a belief about the truth of the allegations, and therefore denies them.

20.     Answering paragraph 20, ASIC admits that the ASIC Policy speaks for itself, and denies the allegations to the extent they are inconsistent with the ASIC Policy. Except as expressly admitted, ASIC denies the allegations.

## FIRST CLAIM FOR RELIEF

### (Subrogation)

21.     Answering paragraph 21, ASIC incorporates by reference its responses to the preceding paragraphs as though fully set forth herein.

22.     Answering paragraph 22, ASIC asserts that the allegations contain legal conclusions to which no answer is required. To the extent an answer is deemed to be required, ASIC denies the allegations.

23.     Answering paragraph 23, ASIC asserts that the allegations contain legal conclusions to which no answer is required. To the extent an answer is deemed to be required, ASIC denies the allegations.

24.     Answering paragraph 24, ASIC asserts that the allegations contain legal conclusions to which no answer is required. To the extent an answer is deemed to be required, ASIC denies the allegations.

## SECOND CLAIM FOR RELIEF

### (Contribution)

25.     Answering paragraph 25, ASIC incorporates by reference its responses to the preceding paragraphs as though fully set forth herein.

26.     Answering paragraph 26, ASIC asserts that the allegations contain legal conclusions to which no answer is required. To the extent an answer is deemed to be required, ASIC denies the allegations.

27.     Answering paragraph 27, ASIC asserts that the allegations contain legal conclusions to which no answer is required. To the extent an answer is deemed to be required,

ANSWER - 4

JENSEN MORSE BAKER PLLC
1809 SEVENTH AVENUE, SUITE 410
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

ASIC denies the allegations.

28.     Answering paragraph 28, ASIC asserts that the allegations contain legal conclusions to which no answer is required. To the extent an answer is deemed to be required, ASIC denies the allegations.

## PRAYER FOR RELIEF

Answering plaintiff's prayer for relief, ASIC denies that plaintiff is entitled to the relief requested therein.

## AFFIRMATIVE DEFENSES

1.      The complaint fails to state a claim upon which relief can be granted, wholly or in part.

2.      Plaintiff's claims are barred by the doctrine(s) of waiver, estoppel, or laches.

3.      Plaintiff's claims are barred by the doctrine of unclean hands.

4.      Plaintiff's claims are barred, either in whole or in part, by virtue of the various provisions, exclusions, definitions, terms, conditions, endorsements and limitations of the ASIC Policy. ASIC reserves the right to rely upon any and all provisions and terms of the ASIC Policy in its defense of this matter.

5.      Plaintiff's claims are barred, in whole or in part, to the extent the proximate cause of the damages, if any, sustained by plaintiff was the negligence, fault, acts or omissions of entities other than ASIC.

6.      Plaintiff's claims and/or damages are barred, in whole or in part, based on its contributory fault, and/or failure to mitigate its damages (if any), and/or its lack of good faith.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered the allegations of plaintiff's complaint, and having denied that plaintiff is entitled to the relief requested in its complaint, and having asserted affirmative defenses, ASIC prays that the Court:

1.      Dismiss plaintiff's causes of action against it with prejudice;

2.      Award ASIC its costs and expenses herein incurred and expended; and

ANSWER - 5

JENSEN MORSE BAKER PLLC
1809 SEVENTH AVENUE, SUITE 410
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

3.      Award such other and further relief as the Court deems just and equitable.


DATED: August 23, 2019


                                        JENSEN MORSE BAKER PLLC


                                        By *s/ Gabriel Baker*
                                          Gabriel Baker, WSBA No. 28473
                                          Benjamin J. Roesch, WSBA No. 39960

                                        Attorneys for Defendant AIG Specialty Insurance
                                        Company

ANSWER - 6

**CERTIFICATE OF SERVICE**

Pursuant to RCW 9A.72.085, the undersigned certifies, under penalty of perjury under the laws of the State of Washington, that on the 23rd day of August, 2019, the document attached hereto was delivered to the below counsel in the manner indicated.

A. Troy Hunter
Ryan Chandler Sobotka
Issaquah Law Group
410 Newport Way NW
Suite C
Issaquah, WA 98027

☒ by CM/ECF
☐ by Electronic Mail
☐ by Facsimile Transmission
☐ by First Class Mail
☐ by Hand Delivery
☐ by Overnight Delivery

Ryan R. Yates
Richard E. Schmittel
Yates Law Firm, LLC
18919 Denver West Drive, Ste 225
Golden, CO 80401

☒ by CM/ECF
☐ by Electronic Mail
☐ by Facsimile Transmission
☐ by First Class Mail
☐ by Hand Delivery
☐ by Overnight Delivery

DATED this 23rd day of August, 2019.

By /s/ Gabriel Baker
Gabriel Baker

ANSWER - 7

JENSEN MORSE BAKER PLLC
1809 SEVENTH AVENUE, SUITE 410
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550